IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOPCO INTERMEDIATE HOLDINGS, INC. and HOPCO GROUP HOLDINGS, L.P., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 20-627-LPS-JLH |
| CLIFFORD JONES, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is a motion to dismiss filed by Defendant Clifford Jones

pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).  (D.I. 11.)  As announced at

the hearing on October 21, 2020, I recommend DENYING Defendant's motion.  My Report and

Recommendation was announced from the bench at the conclusion of the hearing as follows:

> This is my Report and Recommendation on Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).  (D.I. 11.)

> I will not be issuing a separate written report, but I will issue an R&R that incorporates by reference my oral rulings today.

> I want to emphasize before I get into the rulings that while I'm not issuing a written opinion, we have followed a full process for making the decisions that I'm about to state.  We have reviewed the complaint, the parties' briefing on the motion to dismiss and attachments, and we heard argument today.  All of that has been carefully considered.

> For the reasons I will state, I recommend that Defendant's motion be DENIED.

> Plaintiffs HOPCo Intermediate Holdings, Inc. and HOPCo Group Holdings, L.P. are both Delaware entities with principal places of business in Boston, Massachusetts.  Defendant Clifford Jones is a physician who resides and practices medicine in Arizona.

The facts relevant to the narrow issue I have to decide today are as follows:

Dr. Jones was an employee and stockholder of a medical practice referred to in the complaint as "the CORE Institute." (D.I. 1 ("Compl.") ¶¶ 15–17.)  The CORE Institute is managed by an entity referred to in the complaint as "CORE." (*Id.* ¶ 18.)  In July 2019, there was a merger that resulted in CORE becoming a wholly-owned subsidiary of Plaintiff HOPCo Intermediate Holdings and HOPCo Intermediate Holdings becoming a wholly-owned subsidiary of Plaintiff HOPCo Group Holdings. (*Id.* ¶¶ 2, 9–10.)

In conjunction with the merger, on July 18, 2019, Dr. Jones entered into a restrictive covenant agreement, or "RCA." (*Id.* ¶¶ 2, 21.)  In addition, Dr. Jones rolled over most of his CORE stock proceeds to purchase partnership units in HOPCo Group Holdings, which resulted in him also entering into another agreement on July 18, 2019, referred to in the complaint as the "Rollover Agreement." (*Id.* ¶¶ 3, 27, 28.)

Both the RCA and Rollover Agreement contain non-compete provisions. (*Id.* ¶¶ 24, 25, 29, 30.)  Those agreements also contain forum selection clauses.  Paragraph 13 of the complaint refers to the forum selection clauses, and the language of those clauses is set forth in the declaration submitted with Plaintiffs' answering brief at Docket No. 14 at paragraphs 8 and 9.[1] (*Id.* ¶ 13; D.I. 14 ¶¶ 8, 9.)

---

[1] Paragraph 7(j) of the RCA states, in pertinent part, "THE PARTIES AGREE THAT JURISDICTION AND VENUE IN ANY ACTION (I) ARISING UNDER THIS AGREEMENT OR (II) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO IN RESPECT OF THIS AGREEMENT . . . SHALL PROPERLY AND EXCLUSIVELY LIE IN STATE OR FEDERAL COURTS SITUATED IN THE STATE OF DELAWARE . . . . BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY WITH RESPECT TO SUCH ACTION. THE PARTIES IRREVOCABLY AGREE THAT VENUE WOULD BE PROPER IN SUCH COURT, AND HEREBY WAIVE ANY OBJECTION THAT SUCH COURT IS AN IMPROPER OR INCONVENIENT FORUM FOR THE RESOLUTION OF SUCH ACTION." (D.I. 14 ¶ 8.)

Section 19.5 of the Rollover Agreement states, in pertinent part, "The parties irrevocably (i) consent to the exclusive jurisdiction and venue of the state and federal courts located in Delaware in connection with any action arising under or relating to this Agreement . . . , [and] (ii) agree that such courts are convenient forums for such purpose . . . [.]" (*Id.* ¶ 9.)

On October 18, 2019, Dr. Jones submitted his resignation from the CORE Institute, and his last day was December 16, 2019. (Compl. ¶¶ 32, 33.)  In January 2020, Dr. Jones began employment with another medical group in Phoenix, Arizona, as the Chief of Orthopedic Surgery.  (*Id.* ¶ 35.)

Plaintiffs filed this action on May 8, 2020.  Counts I and II allege breach of the restrictive covenants contained in the RCA and Rollover Agreement, respectively.  Count III alleges breach of the implied covenant of good faith and fair dealing.  Dr. Jones has moved to dismiss under Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.  (D.I. 11.)

I recommend that Defendant's motion be denied.

I am not going to read into the record the standard that applies to a motion to dismiss for lack of personal jurisdiction.  I have a standard that I have used in an opinion in 2019 WL 6828984, and I incorporate that discussion by reference.[2]

That opinion also summarizes the law governing general and specific jurisdiction, and the fact that a defendant can consent to the jurisdiction of the court, for example, in a forum selection clause of a contract.  I also incorporate that discussion by reference.[3]

---

[2] *See Truinject Corp. v. Nestle Skin Health, S.A.*, No. CV 19-592-LPS-JLH, 2019 WL 6828984, at *7 (D. Del. Dec. 13, 2019).  A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). But if the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

[3] *See Truinject Corp.*, 2019 WL 6828984, at *8.  To exercise personal jurisdiction over a defendant, a court generally must answer two questions: one statutory and one constitutional. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998); *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 580 (D. Del. 2015), *aff'd,* 817 F.3d 755 (Fed. Cir. 2016). The statutory inquiry requires the court to determine whether jurisdiction over the defendant is appropriate under the long-arm statute of the state in which the court is located. *IMO Indus.*, 155 F.3d at 259.

The constitutional inquiry asks whether exercising jurisdiction over the defendant comports with the Due Process Clause of the U.S. Constitution. *Id.* Due Process is satisfied where

In this case, Plaintiffs concede that the only basis for exercising personal jurisdiction over Defendant in Delaware is the forum selection clauses contained in the RCA and Rollover Agreement.

When considering whether a forum selection clause can be used to establish personal jurisdiction, we have to consider (1) if it is applicable—that is, does it cover the claims at issue—and (2) whether it is enforceable.  No one is disputing that the forum selection clauses in the RCA and Rollover Agreement cover the claims at issue here, which include claims for breach of those same

---

the court finds the existence of "certain minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's "contacts" with the forum state can give rise to "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). A court has general jurisdiction over a corporate defendant when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  If the court has general jurisdiction over a corporate defendant, it may hear any claim against it, even if the claim arose outside the state. *Goodyear*, 564 U.S. at 919; *Provident Nat. Bank*, 819 F.2d at 437. A court has specific jurisdiction over a defendant in a particular suit "when the suit 'aris[es] out of or relate[s] to the defendant's contacts with the forum." *Goodyear*, 564 U.S. at 923–24 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8, (1984)); *see also Remick*, 238 F.3d at 255.

But the requirement that a court have personal jurisdiction is a "waivable right," and a defendant may consent to the jurisdiction of the court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").  A defendant is deemed to have consented to personal jurisdiction in a particular jurisdiction when the parties have stipulated in advance that their controversies should be resolved in that jurisdiction, such as in a forum selection clause of a contract. *See Burger King*, 471 U.S. at 472 n.14 (1985); *see also Hardwire, LLC v. Zero Int'l*, Inc., No. CV 14-54-LPS-CJB, 2014 WL 5144610, *6 (D. Del. Oct. 14, 2014); *Eastman Chem. Co. v. AlphaPet Inc.*, No. Civ. A. 09-971-LPS, 2011 WL 6004079, at *4 (D. Del. Nov. 4, 2011) (quoting *Hadley v. Shaffer*, No. Civ. A. 99-144-JJF, 2003 WL 21960406 (D. Del. Aug. 12, 2003)). If a defendant has agreed to a forum selection clause, there is no requirement for the court to undertake a separate due process "minimum contacts" analysis. *Solae, LLC v. Hershey Canada, Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008); *see also Burger King*, 471 U.S. at 472 n.14 (enforcement of "freely negotiated" forum selection clauses does not offend due process).

4

agreements.   Instead, Defendant argues that the forum selection clauses are not enforceable.

It is settled law in the Third Circuit that whether a forum selection clause is enforceable is determined by federal law.[4] Forum selection clauses are presumptively valid and must be enforced unless "compelling compliance with the clause is 'unreasonable under the circumstances.'"[5] What that means in the Third Circuit is that a forum selection clause must be enforced "unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."[6]

Defendant does not argue that the forum selection clauses were the result of fraud or overreaching, and on this record I cannot conclude that they were.   Nor does Defendant contend that litigating in this jurisdiction is so seriously inconvenient as to be unreasonable.

The only basis left for defeating the enforcement of the forum selection clauses is with a showing that enforcement would violate a strong public policy of the forum.   The selected forum is Delaware.   However, Defendant has not identified any Delaware public policy that would be contravened by enforcement of the forum selection clauses, and it is doubtful that Defendant could do so given Delaware's policy of enforcing forum selection clauses.[7]

Accordingly, I conclude that the forum selection clauses are enforceable and that the Court therefore has personal jurisdiction

---

[4] *See, e.g.*, *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d Cir. 2017).

[5] *Id.* (quoting *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991)).

[6] *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989); *see also Collins*, 874 F.3d at 181.

[7] *See, e.g., Nat'l Indus. Grp. (Holding) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 383 (Del. 2013) ("[W]here contracting parties have expressly agreed upon a legally enforceable forum selection clause, a court should honor the parties' contract and enforce the clause[.]"); *see also id.* at 380 ("[A] party cannot make an end-run around an otherwise enforceable forum selection provision through an argument about the enforceability of other terms in the contract . . . ." (internal marks omitted)).

over Defendant.  As Defendant has made no separate argument as to why venue is improper, I also conclude that venue is proper.

For the record, I will address Defendant's other arguments.

In his brief, Defendant points to the public policy exception in support of his argument that enforcement of the forum selection clauses is inappropriate because it would contravene the public policy of Arizona.  According to Defendant, Arizona has an overwhelming and well-established public policy against overreaching non-compete clauses, especially in the context of medicine.

There are at least two problems with that argument.  First, the public policy exception considers whether enforcement would contravene a strong public policy of the forum in which the suit was brought, not in a forum in which the suit could have been brought.[8] As I stated, Defendant has failed to show that enforcement of the forum selection clauses contravenes the public policy of Delaware.[9]

Second, the public policy exception asks whether enforcement of the forum selection clause violates public policy, not whether the particular restrictive covenants set forth in the agreement violate public policy.  Defendant's argument is based on his contention that interpreting the restrictive covenants in accordance with Delaware law would violate Arizona public policy,

---

[8] *See, e.g., Maaco Franchising, Inc. v. Tainter*, No. 12-5500, 2013 WL 2475566, at *4 (E.D. Pa. June 10, 2013) ("The proper inquiry . . . is not whether enforcement of a forum selection clause would contravene *any* strong public policy, but whether it would 'contravene a strong public policy of the forum *in which the suit is brought*.'" (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972))); *Saladworks, LLC v. Sottosanto Salads, LLC*, No. 13-3764, 2014 WL 2862241, at *2–3 (E.D. Pa. June 24, 2014) ("The public policy of California is not to be considered in an analysis of the validity of the instant forum selection clause. Rather, I must look at the public policy considerations of Pennsylvania, the forum in which this suit was brought, to determine if enforcement of the forum selection clause would contravene Pennsylvania public policy.").

[9] It doesn't matter for disposition of this motion, but I do note that a state court in Arizona dismissed for improper venue a mirror-image claim filed by Dr. Jones, reasoning that the Delaware forum selection clauses at issue here were enforceable under Arizona law.

and the cases cited by Defendant, *Millet*[10] and *Redick*,[11] both describe challenges to choice of law clauses, not forum selection clauses. But motions under Rules 12(b)(2) and 12(b)(3) are not the appropriate vehicles to argue about which state's law applies to the restrictive covenants.

Before me are motions to dismiss for lack of personal jurisdiction and improper venue, and the question I have to decide is whether the Court should enforce Defendant's agreement to personal jurisdiction and venue in Delaware. It should.

Defendant can challenge the application of Delaware law to the non-compete provisions at issue here,[12] and that seems to me to be what he is actually trying to do, but such a challenge is not appropriately brought under Rules 12(b)(2) and 12(b)(3).

For all of those reasons, I recommend that the Court deny Defendant's motion to dismiss.

That concludes my Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

---

[10] *Millett v. Truelink, Inc.*, No. 05-599 SLR, 2006 WL 2583100, at *3 (D. Del. Sept. 7, 2006).

[11] *Redick v. E Mortg. Mgmt., LLC*, No. 11-1260-GMS, 2013 WL 1089710, *3–13 (D. Del. Mar. 15, 2013), *report and recommendation adopted,* 2013 WL 5461616 (D. Del. Sept. 30, 2013)

[12] *See, e.g.*, *Cabela's LLC v. Highby*, 362 F. Supp. 3d 208, 217–220 (D. Del. 2019), *aff'd,* 801 F. App'x 48 (3d Cir. 2020) (denying motion for preliminary injunction, holding that Nebraska law applied to a non-compete agreement notwithstanding a Delaware choice-of-law provision).

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R.

Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.


Dated:  October 22, 2020                                  _____
                                                         The Honorable Jennifer L. Hall
                                                         United States Magistrate Judge

8